UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,

        Plaintiff,

                                        No. 10-CR-20711
vs.                                Hon. Gerald E. Rosen

**KENNETH STRAUSS**,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION IN TERM OF IMPRISONMENT

    Currently before the Court is Defendant's Motion for Reduction in Term of Imprisonment (Dkt. # 29) made pursuant to 18 U.S.C. §3582(c)(2). Defendant requests a retroactive reduction in his sentence based on the recent Amendment 782 to the United States Sentencing Commission Guidelines, which reduced the offense levels outlined in the Guidelines Drug Quantity Table, U.S.S.G. § 2D1.1.

    Defendant is currently serving a 68-month sentence after pleading guilty on November 23, 2010, to possession with intent to distribute approximately 13 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).

Judgment, Dkt. #27, at 1; *see also* Plea Agreement, Dkt. # 14, at 1.[1]  On February 15, 2012, the Court imposed a within-Guidelines[2] sentence of eight months' imprisonment for the cocaine conviction and 60 months' imprisonment for the firearm conviction, to be served consecutively, along with 36 months of supervised release.  Judgment, Dkt. # 27, at 2.

A "court may not modify a term of imprisonment once it has been imposed except . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. §3582(c)(2); *see also Dillon v. United States,* 560 U.S. 817, 821 (2010) ("When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision. Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission.").  Here, Defendant asserts that his sentence should be reduced on the basis of Amendment 782 to the Guidelines, which "reduces by two the offense levels assigned in the Drug Quantity Table, U.S.S.G. § 2D1.1, resulting in lower

---

[1] Defendant was also charged as a felon in possession of a firearm, in violation of 10 U.S.C. §922(g)(1). Indictment, Dkt. # 1, at 1.  That Count was dismissed as a part of the plea agreement between Defendant and the Government.  Plea agreement, Dkt. # 14, at 8.

[2] Count two imposed a Guideline range of 8-14 months while count three imposed a statutory mandatory minimum 60 months-to-life sentence. *Id*. at 3; *see also* 18 U.S.C. § 924(c)(1)(A).

guideline ranges for most drug trafficking offenses." *United States v. Alfaro*, No. 3:07-00005, 2015 WL 1412783, at *1 (M.D. Tenn. Mar. 26, 2015) (Citing United States Sentencing Commission, Frequently Asked Questions: Retroactive Application of the 2104 Drug Guidelines Amendment, *available at* http://www.ussc.gov/sites/default/files/pdf/amendment-process/materials-on-2014-drug-guidelines-amendment/20140724_FAQ_revised.pdf).  Amendment 782 applies retroactively, "but offenders may not be released from prison based on the Amendment earlier than November 1, 2015." *Id.*

Amendment 782 can only serve to retroactively reduce a sentence where the changes to the Drug Quantity Table resulting from the Amendment *would have affected* the defendant's sentence had they been in place at the time of his sentencing. *See* U.S.S.G. § 1B1.10(a)(1) ("In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) . . . the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced."); *id.* § 1B1.10(a)(2) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range.").

Here, Defendant was sentenced after pleading guilty to possessing 13 grams of cocaine. Dkt. # 14, at 2. At the time of his sentencing, the Drug Quantity Table categorized possession of "[l]ess than 25 [grams] of Cocaine" as a Level 12 offense. U.S.S.G. § 2D1.1 (2011). In 2014, Amendment 782 revised the Drug Quantity table, raising the ceiling for a Level 12 offense to 50 grams of cocaine. U.S.S.G. § 2D1.1 (2014) (categorizing possession of "[l]ess than 50 [grams] of Cocaine" as a Level 12 offense). Accordingly, individuals who possessed between 25 and 50 grams of cocaine and were sentenced under the pre-Amendment Guidelines would be eligible for a reduction based on Amendment 782, as the Amendment would "have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2). There is no such effect, however, for individuals who were found guilty of possessing less than 25 grams of cocaine, like Defendant in this case. *See United States v. Russell*, No. 3:11-00092, 2015 WL 728547, at *2 (M.D. Tenn. Feb. 19, 2015) ("The Defendant is not entitled to a sentencing reduction under Amendment 782 [because] the offense level reductions in Amendment 782 do not have the effect of lowering the Defendant's guideline range . . . . Amendment 782's revision of the Drug Quantity Table does not change the offense level assigned to the 15.4 grams of cocaine for which the Defendant was held responsible at sentencing. Because the Defendant's guideline

range has not 'subsequently been lowered,' he is not entitled to a reduction in his sentence under 18 U.S.C. § 3582(c)(2).").

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion for Reduction in Term of Imprisonment (Dkt. # 29) is **DENIED**.

**IT IS SO ORDERED.**


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  April 13, 2015


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 13, 2015, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135