UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,

        Plaintiff,

vs.

        No. 10-CR-20711
        Hon. Gerald E. Rosen

**D-1, KENNETH STRAUSS**,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

On April 12, 2015, this Court issued an Opinion and Order Denying Defendant's Motion for Reduction in Term of Imprisonment,[1] made pursuant to 18 U.S.C. § 3582 (Dkt. # 31). In that Motion (Dkt. # 29), Defendant asserted that he is entitled to a reduction in sentence due to the recent Amendment 782 to the United States Sentencing Commission Guidelines, which reduced the offense levels outlined in the Guidelines Drug Quantity Table, U.S.S.G. § 2D1.1. The

---

[1] Defendant is currently serving a 68-month sentence after pleading guilty on November 23, 2010, to possession with intent to distribute approximately 13 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Judgment, Dkt. #27, at 1; *see also* Plea Agreement, Dkt. # 14, at 1. On February 15, 2012, the Court imposed a within-Guidelines sentence of eight months' imprisonment for the cocaine conviction and 60 months' imprisonment for the firearm conviction, to be served consecutively, along with 36 months of supervised release. Judgment, Dkt. # 27, at 2.

Court found, however, that because Defendant was sentenced to possession of only 13 grams of cocaine, Amendment 782 did not have the effect of lowering Defendant's applicable guideline range, and accordingly relief under § 3582 was not appropriate. Now pending before the Court is Defendant's Motion for Reconsideration (Dkt. # 32). For the reasons stated below, the Court will deny the motion.

While the Federal Rules of Criminal Procedure do not explicitly provide for motions to reconsider, "[c]ourts adjudicating motions to reconsider in criminal cases typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e)." *United States v. Ogden*, No. 06-20033, 2008 WL 2704539, at *1 (W.D. Tenn. July 2, 2008); *see also United States v. Bassir*, No. CIV. 12-15184, 2014 WL 3907797, at *1 (E.D. Mich. Aug. 11, 2014) (same); *United States v. Sills*, No. 06-20663, 2013 WL 6805672, at *1 (E.D. Mich. Dec. 20, 2013) (same).

Federal Rule of Civil Procedure 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." The decision of whether to grant relief under Rule 59(e) is within the district court's discretion. *Davis by Davis v. Jellico Cmty. Hosp. Inc.*, 912 F.2d 129, 132 (6th Cir. 1990). That discretion, however, is limited to: (1) accommodating an intervening change in controlling law; (2) accounting for new evidence which was not

available at trial; or (3) correcting a clear error of law or preventing manifest injustice. *Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000).

Rule 59 motions "are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes*, 86 F. Supp. 2d at 726 (emphasis omitted) (quotiong *Nagle Indus., Inc. v. Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich. 1997), *aff'd*, 194 F.3d 1339 (Fed. Cir. 1999)) (internal quotations omitted).

The requirements for the granting of motions for reconsideration in this Court are further set forth in Local Rule 7.1(h), which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

Local Rule 7.1(h)(3), U.S. District Court, Eastern District of Michigan. A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004).

3

Having reviewed Defendant's submission, the Court finds that Defendant merely re-raises the same issues discussed in his Motion for Reduction in Term of Imprisonment -- he has not identified any cases or authorities that might support a result other than the one previously reached by the Court. The Court "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." Local Rule 7.1(g)(3), Eastern District of Michigan. The issues raised in Defendant's present motion were squarely addressed in the Court's April 12, 2015 Opinion and Order.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion for Reconsideration (Dkt. # 32) is **DENIED**.

**IT IS SO ORDERED.**

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  May 14, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 14, 2015 electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135